### In re J. J. REISLER AMUSEMENT CO.

#### (District Court, S. D. New York. June 22, 1909.)

BANKRUPTCY (§ 72*)—CORPORATIONS WHICH MAY BE ADJUDGED BANKRUPT—THEATRICAL COMPANY.

A corporation organized "to lease, produce, and exploit plays and other theatrical and dramatic productions, to produce and sell theatrical costumes and properties," and which, up to the time a petition in bankruptcy was filed against it, had actually engaged only in the business of producing a play, is not one "engaged principally in manufacturing, trading, * * * or mercantile pursuits," within Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423), and is not subject to bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 72.*

For other definitions, see Words and Phrases, vol. 8, pp. 7650-7651.

What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

In Bankruptcy.

This is a proceeding for the involuntary adjudication of the corporation. The certificate of incorporation read as follows: "The purpose for which it is to be formed is to lease, produce, and exploit plays and other theatrical and dramatic productions; to produce and sell theatrical costumes and properties." The company had started with the production of a play called "The Cash Girl," but became insolvent, and one of the creditors levied an attachment in Boston. The company had done nothing beyond the production of the play in question. The referee dismissed the petition, upon the authority of In re Oriental Society (D. C.) 5 Am. Bankr. Rep. 219, 104 Fed. 975.

Newman & Butler, for receiver and petitioning creditors.
Samuel Blumberg, for certain creditors.

HAND, District Judge. I have no doubt of the correctness of the learned referee's disposition of this case. The effort to distinguish In re Oriental Society is upon the theory that the petitioner should have been allowed to show what the purposes of the company were. Under the statute, it is of no consequence what their purposes were, except in so far as they had bearing upon the business in which the bankrupt is actually engaged. Cases like White Mountain Paper Company v. Morse & Co., 127 Fed. 643, 62 C. C. A. 369, and In re Troy

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Steam Laundry Co. (D. C.) 132 Fed. 266, are quite different. It does not follow that a company is not engaged in an occupation because it has not had time to do all those acts which constitute the whole of the business. If it has already begun upon the execution of part of the work laid out, it is engaged in that business, although it has not yet got far enough to do all the things which together make up the business. Thus, to buy woodland is a part of the business of making paper from pulp, even if not a pound of paper has been made. In this case, if there were proof that the company was laying in its store of trade costumes and property for the purpose of trading, I might hold that it was already engaged in trading, although it had not sold a costume or a stage property. There is no such proof here. The only complaint of the petitioner is that he was not permitted to show what the purposes of the company were, other than those under which it was already engaged. Such proof is irrelevant.

The petitioners likewise complain of the right to object on intervention by a secured creditor, and rely upon a citation from Collier, p. 229, and upon the case of In re Burlington Malting Co. (D. C.) 6 Am. Bankr. Rep. 369, 109 Fed. 777. The point raised need not be determined, because no consent can confer jurisdiction, and even without the objection of the attachment creditor no adjudication could be made by this court.

The report is affirmed, and the petition dismissed, with costs.